Millard SCOTT, Plaintiff-Appellant,

v.

SOUTHERN RAILWAY COMPANY, Defendant-Appellee.

No. 72-1559.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 1973.

Jac Chambliss, of Chambliss, Bahner & Crawford, Chattanooga, Tenn., for plaintiff-appellant.

Charles W. Lusk, of Hall, Haynes, Lusk & Foster, Chattanooga, Tenn., for defendant-appellee.

Before PECK, Circuit Judge, and CECIL and O'SULLIVAN, Senior Circuit Judges.

PER CURIAM.

This is an appeal by Millard Scott, plaintiff-appellant, and his four children as co-plaintiffs, from a judgment on a jury verdict in the United States District Court for the Eastern District of Tennessee, Southern Division, denying re-

covery against Southern Railway Company in an action for the wrongful death of Sarah Jo Scott, wife and mother respectively of the plaintiff-appellant and his co-plaintiffs. The deceased was driving her automobile in a westwardly direction on Snead Road and the defendant-appellant was operating its train in a northerly direction on its track. As Mrs. Scott was attempting to cross the Southern Railway's track at the intersection of Snead Road her automobile, from which she had just extricated herself, was struck by a train of the appellee and she was caught between the engine and the automobile and crushed to death.

Each party charged the other with negligence both common law and statutory which caused the accident or proximately contributed to its cause. The trial judge submitted special issues to the jury upon one of which it found that the Railway Company was not guilty of any negligence which proximately caused the accident. Upon another the jury found that Mrs. Scott was guilty of negligence which proximately caused or proximately contributed to cause her own injuries and death. The jury also returned a general verdict finding on the issues of liability that the plaintiff Millard Scott was not entitled to recover from the Southern Railway Co.

The accident happened in the State of Georgia and jurisdiction was based on diversity of citizenship. The law of Georgia was applicable to the facts of the case and was so applied by the trial judge throughout the trial and in his instructions to the jury. No error is charged against the trial judge either in his conduct of the trial or in his instructions to the jury. The essential difference in the law of Georgia and Tennessee is that Georgia follows the doctrine of comparative negligence.

Counsel for the appellant claims that the *jury* committed reversible error in finding that the defendant Southern Railway was not guilty of any negligence which proximately caused the accident and resulting injuries and death of the plaintiffs' decedent.

One undisputed fact upon which it is claimed that the jury should have found negligence is that the engineer of the train failed to meet certain statutory qualifications of the state of Georgia for a locomotive engineer. (Sec. 94–902) The trial judge instructed the jury with reference to this statute and upon request for additional instructions upon the subject he reread the statute and said,

"that even if you should find any party to have been negligent it is incumbent before that negligence becomes of any legal significance that you also find that that negligence was a proximate cause of any accident or resulting injuries."

■■ This was a proper statement of the law and whether any failure to comply with the statute was a proximate cause of the accident was thus a question of fact for the jury. There was substantial evidence upon which the jury could find that any failure to meet the statutory requirements was not a proximate cause of the accident. We do not find any causative negligence as a matter of law in this respect.

■ Another undisputed fact upon which it is claimed that the jury should have found negligence is that the train crew saw the decedent's automobile stopped on the track when the train was 2000 feet away from the crossing and failed to slow down or stop the train. It was not a question of whether the train could have been stopped but whether under all of the circumstances, in the exercise of ordinary care, it should have been stopped. This was a question of fact for the jury. Counsel for the appellant cross examined all of the crew members at great length but apparently was not able to convince the jury that the crew was negligent. There was sufficient evidence to support the jury's finding on this issue.

■ Counsel also claims that this failure to stop the train or slow it down was a violation of Georgia statute Sec. 94–506. The trial judge instructed the jury with reference to the duties of this stat-

ute. This is a statutory enactment of the common law duty of ordinary care and does not impose an absolute duty on the operators of a train to stop at a grade crossing.

 Finally, it is claimed that the train crew violated the last clear chance rule. This too was a question of fact for the jury to decide under proper instructions from the trial judge.

The issues here are factual and there being evidence to support the jury's findings we can not substitute our judgment for that of the jury. In order to sustain the appellant's appeal we would have to find that the members of the train crew did some act of omission or commission which constituted negligence as a matter of law. This we can not do. Judgment affirmed.